IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| IVENS PROPERTIES, INC., | ) | Case No. 3:13-bk-32471 |
| | ) | Chapter 11 |
| Debtor. | ) | |

MOTION OF CAPITAL BANK, N.A.
FOR RELIEF FROM THE AUTOMATIC STAY

**NOTICE OF HEARING**

**Notice is hereby given that:**

A hearing will be held on October 31, 2013, at 10:00 o'clock a.m. in Bankruptcy Courtroom 1-C, Howard H. Baker, Jr. U.S. Courthouse, 800 Market Street, Knoxville, Tennessee 37902, on the following:

**Motion Of Capital Bank, N.A. For Relief From The Automatic Stay**

**If you do not want the Court to grant the relief requested, you or your attorney must attend this hearing. If you do not attend the hearing, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.**

Pursuant to 11 U.S.C. §362(d)(3), Capital Bank, N.A., successor by merger to GreenBank ("the Bank"), requests relief from the automatic stay to permit it to enforce its deed of trust. In support of its motion, the Bank represents:

1. The debtor filed its voluntary Chapter 11 petition on July 3, 2013.

2. In its voluntary petition, the debtor stated that the nature of its business is single asset real estate, as defined by 11 U.S.C. §101(51B).

3. On December 10, 2009, the Bank loaned $950,000.00 to the debtor, evidenced by a promissory note of the same date, a copy of which is attached hereto as EXHIBIT 1 ("the Note").

4. The Note was amended by a Change in Terms Agreement dated January 28, 2013, a copy of which is attached hereto as EXHIBIT 2.

5. The Note is secured in part by a deed of trust, recorded in Record Book 2252, page 272 in the Office of the Register of Deeds for Blount County, Tennessee, a copy of which is attached hereto as EXHIBIT 3 ("the Deed of Trust"), which encumbers the real property described therein ("the Property") to secure the payment of the Note.

6. In Section 3, under the heading "Additional Convenants (sic) and Warranties," the Deed of Trust requires the debtor to pay all taxes on the Property when due. Section 6, under the heading "Additional Convenants (sic) and Warranties" of the Deed of Trust, permits the Bank, at its option, to pay delinquent taxes on the Property, and such payment shall bear interest from the date of payment at the stated rate, shall be deemed a part of the debt secured by the Deed of Trust and recoverable as such, and shall be repaid by the debtor to the Bank upon demand.

7. The debtor failed to timely pay the Blount County and City of Maryville real estate taxes on the Property for the years 2010, 2011 and 2012. As a result, the Bank paid such real estate taxes and the interest and penalties accrued thereon (collectively, "the Taxes"), as follows: Blount County Taxes for 2010, 2011 and 2012 in the amounts of $13,377.64, $11,360.00 and $9,771.00 respectively; and City of Maryville Taxes for 2010, 2011 and 2012 in the amounts of $17,081.16, $13,116.05 and $10,622.68 respectively. Prior to the filing of the debtor's petition, the Bank made a demand upon the debtor to repay the Bank for the Taxes it had paid, but the debtor failed to do so.

8. The Note matured on April 28, 2013, and is in default due to the debtor's failure to pay the same, and the Note is further in default by virtue of the debtor's failure to reimburse the Bank for the Taxes it has paid. As of July 3, 2013, the date of the filing of the debtor's Chapter

11 petition, the principal balance owed on the Note was $867,286.04 and accrued but unpaid interest on the principal amount of the Note was $20,407.49. Interest has and will continue to accrue thereafter on the unpaid principal balance of the Note in the per diem amount of $168.39803. Other charges and fees for which the debtor is responsible under the Note are appraisal fees in the amount of $4,850.00; the Taxes paid by the Bank, as aforesaid, in the amount of $75,328.53, and interest thereon, as provided in the Deed of Trust; late charges in the amount of $587.00; and attorney's fees and the cost of collection.

9. 11 U.S.C. §362(d)(3) provides:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
>   x        x        x
>
> (3) with respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief (or such later date as the court may determine for cause by order entered within that 90-day period) or 30 days after the court determines that the debtor is subject to this paragraph, whichever is later--
>
> (A) the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or
>
> (B) the debtor has commenced monthly payments that--
>
> (i) may, in the debtor's sole discretion, notwithstanding section 363(c)(2), be made from rents or other income generated before, on, or after the date of the commencement of the case by or from the property to each creditor whose claim is secured by such real estate (other than a claim secured by a judgment lien or by an unmatured statutory lien); and
>
> (ii) are in an amount equal to interest at the then applicable nondefault contract rate of interest on the value of the creditor's interest in the real estate. . . .

10. The debtor, which is a single asset real estate debtor, has not filed a plan of reorganization and has not commenced monthly payments to the Bank. More than 90 days have elapsed since the date of the filing of the debtor's petition. Accordingly, pursuant to 11 U.S.C. §362(d)(3), the Bank is entitled to relief from the automatic stay to permit it to enforce the Deed of Trust.

WHEREFORE, Capital Bank, N.A. requests modification of the automatic stay to permit it to enforce its Deed of Trust in accordance with applicable state law. Capital Bank, N.A. also requests the Court to waive the provisions of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

Respectfully submitted, this 3rd day of October, 2013.

/s/ W. Morris Kizer
W. Morris Kizer
(BPR No. 1571)
Gentry, Tipton & McLemore, P.C.
P. O. Box 1990
Knoxville, Tennessee  37901
(865) 525-5300
Attorney for Capital Bank, N.A.

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 3, 2013, the foregoing "Notice of Hearing," "Motion Of Capital Bank, N.A. For Relief From The Automatic Stay," and proposed "Order Granting Motion Of Capital Bank, N.A. For Relief From The Automatic Stay" were filed electronically and will be served electronically by operation of the Court's electronic case filing system on Patricia C. Foster, the United States Trustee, Keith L. Edmiston, Suzanne H. Bauknight, William F. McCormick and Ramesh Singh.

Copies of the foregoing "Notice Of Hearing," "Motion Of Capital Bank, N.A. For Relief From The Automatic Stay," and proposed "Order Granting Motion Of Capital Bank, N.A. For Relief From The Automatic Stay" were served on the following by mailing a copy thereof to them by first class mail, with postage prepaid, in envelopes addressed as follows, this 3rd day of October, 2013:

Ivens Properties, Inc.
Attention: Mr. Mark Ivens, President
521 West Lamar Alexander Parkway
Maryville, Tennessee 37801

Blount County Trustee
347 Court Street
Maryville, Tennessee 37804

City of Maryville
Tax Assessor
400 West Broadway
Maryville, Tennessee 37801

Tennessee Department of Revenue
Andrew Jackson Building
500 Deaderick Street
Nashville, Tennessee 37242

/s/ W. Morris Kizer
W. Morris Kizer