**SO ORDERED.**
**SIGNED this 31st day of October, 2013**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

_____
Richard Stair Jr.
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE

In re

IVENS PROPERTIES, INC.

        Debtor

Case No. 13-32471

**MEMORANDUM AND ORDER ON**
**MOTION OF CAPITAL BANK, N.A.**
**FOR RELIEF FROM THE AUTOMATIC STAY**

      This contested matter is before the court upon the Motion of Capital Bank, N.A. for Relief From the Automatic Stay (Motion for Stay Relief) filed by Capital Bank, N.A. on October 3, 2013, asking the court for modification of the automatic stay pursuant to 11 U.S.C. § 362(d)(3) (2006) to permit it to enforce its Deed of Trust encumbering Lot 1 of the property of Ivens Construction, Inc., Map File 2166B, in Blount County, Tennessee. After notice and a hearing held on October 31, 2013, the court makes the following findings:

The Debtor is a single-asset real estate debtor as defined by the Bankruptcy Code in 11 U.S.C. § 101(51B) (2006).  Capital Bank, N.A. filed its Motion for Stay Relief grounded exclusively on 11 U.S.C. § 362(d)(3) which provides:

> (d)  On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under section (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> . . . .
>
> (3) with respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief (or such later date as the court may determine for cause by order entered within that 90-day period) or 30 days after the court determines that the debtor is subject to this paragraph, whichever is later –
>
>> (A) the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or
>>
>> (B) the debtor has commenced monthly payments that –
>>
>>> (i) may, in the debtor's sole discretion, notwithstanding section 362(c)(2), be made from rents or other income generated before, on, or after the date of the commencement of the case by or from the property to each creditor whose claim is secured by such real estate (other than a claim secured by a judgment lien or by an unmatured statutory lien); and
>>>
>>> (ii) are in an amount equal to interest at the then applicable nondefault contract rate of interest on the value of the creditor's interest in the real estate[.]

11 U.S.C. § 362(d)(3).  At the hearing, counsel for Capital Bank, N.A. argued that the statute must be strictly construed and that the court must lift the stay to allow it to foreclose upon its lien.  The court agrees that the language of § 362(d)(3) is mandatory but disagrees that the only option is termination of the stay.

2

The starting point for interpreting any statute is its plain language, and where the statutory language "is plain, 'the sole function of the courts is to enforce it according to its terms.'" *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241, 109 S. Ct. 1026, 1030, 103 L.Ed.2d 290 (1989) (quoting *Caminetti v. United States*, 242 U.S. 470, 485, 37 S. Ct. 192, 194, 61 L.Ed. 442 (1917)). "[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'" *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 254, 112 S. Ct. 1146, 1149, 117 L.Ed.2d 391 (1992) (quoting *Rubin v. United States*, 449 U.S. 424, 430, 101 S. Ct. 698, 701, 66 L.Ed.2d 633 (1981)). "[A]s long as the statutory scheme is coherent and consistent, there generally is no need for a court to inquire beyond the plain language of the statute." *Ron Pair Enters., Inc.*, 489 U.S. at 240-41, 109 S. Ct. at 1030.

"Section 362(d)(3) specifies that the bankruptcy court 'shall grant relief from [the automatic stay] against single asset real estate unless the debtor takes corrective action within 90 days of the beginning of the case or 30 days of the single asset real estate determination." *Meruelo Maddux Props. - 760 S. Hill St., LLC v. Bank of Am., N.A. (In re Meruelo Maddux Props., Inc.)*, 667 F.3d 1072, 1077 (9th Cir. 2012).

> Section 362 (d)(3) of the Bankruptcy Code is exclusively applicable to single asset real estate ("SARE") cases. Although legislative history is sparse with respect to this statute (which was enacted as part of the Bankruptcy Reform Act of 1994), Congress was apparently concerned about the relative inequities that exist when a single asset real estate project files for bankruptcy protection. This statute was enacted in order to bring some additional expediency to the process in these circumstances. *See In re LDN Corp.*, 191 B.R. 320 (Bankr. E.D. Va.1996) (quoting S. REP. NO. 168 103rd Cong., 1st Sess. (1993) ("[t]his amendment will ensure that the automatic stay provision is not abused, while giving the debtor the opportunity to create a workable plan of reorganization."). By its terms, § 362(d)(3) has strict time limits within

which *an actual plan* must be filed. It also requires that the filed plan "have a reasonable possibility of being confirmed within a reasonable time."

*RL BB Fin. LLC v. 207 Redwood St., LLC (In re 207 Redwood St. LLC)*, 2011 WL 3799767, at *8, 2011 Bankr. LEXIS 3293, at *23-24 (Bankr. D. Md. Aug. 26, 2011). "[I]n contrast to § 362(d)(2), which does not require that an actual plan be on file in order for the debtor to show that a confirmable plan is reasonably in prospect, § 362(d)(3) requires that a plan have been filed within the 90 days and that the debtor show a reasonable possibility of *that* plan being confirmed within a reasonable period of time." *In re Trigee Found., Inc.*, 2013 WL 1401889, at *3, 2013 Bankr. LEXIS 1432, at *9-10 (Bankr. D.D.C. Apr. 8, 2013). "SARE debtors are carved out and subjected to stringent requirements in § 362(d)(3) which expedite the time for SARE debtors to file a plan of reorganization or commence making monthly payments, failing which the automatic stay is promptly lifted." *Ad Hoc Grp. of Timber Noteholders v. Pac. Lumber Co. (In re Scotia Pac. Co., LLC)*, 508 F.3d 214, 225 (5th Cir. 2007).

"The court has discretion, however, to condition the automatic stay instead of lifting it outright." *Trigee Found.*, 2013 WL 1401889, at *3, 2013 Bankr. LEXIS 1432, at *10. "Under § 362(d)(3), the unconditional lifting of the stay is not mandatory." *Riggs Bank, N.A. v. Planet 10, L.C. (In re Planet 10, L.C.)*, 213 B.R. 478, 481 (Bankr. E.D. Va. 1997).

> While Congress may have enacted § 362(d)(3) to protect the interests of secured creditors in single asset real estate cases, it did not completely abrogate the bankruptcy court's discretion to tailor the appropriate relief for failure to strictly comply with the requirements of § 362(d)(3). The language of the statute unambiguously states that the court "shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay" if the debtor has failed to file a feasible plan within 90 days of the order for relief or has failed to commence monthly payments to the secured creditor "in an amount equal to interest at a current fair market rate on the value of

> the creditor's interest in the real estate." In other words, granting relief does not necessarily mandate termination of the automatic stay.
>
> Therefore, unless and until Congress limits this discretionary power of the Court to terminate, annul, modify or condition the stay, the court is free to fashion the relief appropriate for the creditor's failure to meet § 362(d)(3)(A) or (B).

*Condor One v. Archway Apartments, Ltd. (In re Archway Apartments, Ltd.)*, 206 B.R. 463, 465 (Bankr. M.D. Tenn. 1997) (footnote omitted); *see also In re The Terraces Subdivision, LLC*, 2007 WL 2220448, at *3, 2007 Bankr. LEXIS 5087, at *9 (Bankr. D. Alaska Aug. 2, 2007) ("A debtor's failure to satisfy the requirements of § 362(d)(3) 'mandates a termination, annulment, modification, or conditioning of the stay.' The court retains discretion, even under § 362(d)(3), to fashion less than absolute stay relief.").

Under the special circumstances associated with this case, including apparent substantial equity in the disputed property, the court finds that the proper relief to be granted Capital Bank, N.A. is a conditioning of the automatic stay, as authorized by the express wording of § 362(d)(3). Accordingly, as stated in open court, the automatic stay shall remain in effect but is conditioned upon the Debtor proposing and obtaining confirmation of a Chapter 11 plan within ninety days. In the event that a confirmation order has not entered on or before January 31, 2014, the stay shall be terminated without further action by Capital Bank, N.A. or further order of the court.

# # #

5