**SO ORDERED.**
**SIGNED this 31st day of January, 2014**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

Richard Stair Jr
**UNITED STATES BANKRUPTCY JUDGE**

_____

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## EASTERN DISTRICT OF TENNESSEE

In re

IVENS PROPERTIES, INC.

           Debtor

Case No.  13-32471

## MEMORANDUM AND ORDER ON
## DEBTOR'S MOTION TO EXTEND DEADLINE
## FOR PLAN CONFIRMATION

Before the court is Ivens Properties, Inc.[sic] Motion to Extend Deadline for Plan

Confirmation Set in the Order Entered 10/31/13 (Doc. #29) (Motion to Extend Deadline) filed by

the Debtor on January 15, 2014.  By the Motion to Extend Deadline, the Debtor, a single asset real

estate debtor, asks the court to extend the January 31, 2014 deadline by which it was to obtain

confirmation of a Chapter 11 plan as required by the court's Memorandum and Order on Motion of

Capital Bank, N.A. for Relief From the Automatic Stay (Order Conditioning Stay Relief) entered

on October 31, 2013.  The Order Conditioning Stay Relief resolved the Motion of Capital Bank,

N.A. for Relief From the Automatic Stay (Motion for Stay Relief) filed by Capital Bank, N.A. on

October 3, 2013, asking the court for stay relief under 11 U.S.C. § 362(d)(3) (2006), and directed

the following:

> Under the special circumstances associated with this case, including apparent
> substantial equity in the disputed property, the court finds that the proper relief to be
> granted Capital Bank, N.A. is a conditioning of the automatic stay, as authorized by
> the express wording of § 362(d)(3).  Accordingly, as stated in open court, the
> automatic stay shall stay in effect but is conditioned upon the Debtor proposing and
> obtaining confirmation of a Chapter 11 plan within ninety days.  In the event that a
> confirmation order has not entered on or before January 31, 2014, the stay shall be
> terminated without further action by Capital Bank, N.A. or further order of the court.

ORDER CONDITIONING STAY RELIEF at 5.

The Debtor, on January 15, 2014, filed Ivens Properties, Inc.[sic] Disclosure Statement Dated

1/15/2014 (Disclosure Statement) and Ivens Properties, Inc.[sic] Plan of Reorganization Dated

December 20, 2013.  The court set an expedited hearing for January 30, 2014, to consider the

adequacy of information contained in the Disclosure Statement.  Objections to the Disclosure

Statement were filed by the United States Trustee and Capital Bank, N.A. on January 27, 2014.

On January 29, 2014, Capital Bank, N.A. filed the Objection of Capital Bank, N.A. to the

Debtor's Motion to Extend the Deadline for Plan Confirmation, arguing that the Order Conditioning

Stay Relief is a final order and cannot now be modified.  When questioned by the court about the

finality of the Order Conditioning Stay Relief during the hearing on the Motion to Extend Deadline

held on January 30, 2014, in conjunction with the hearing on the Disclosure Statement, counsel for

the Debtor agreed but argued that, notwithstanding the finality of the Order Conditioning Stay

Relief, the court, presumably under the authority of 11 U.S.C. § 105(a) (2006), could use its

equitable powers to extend the deadline for plan confirmation.  The court disagrees.

2

There is no dispute that the Order Conditioning Stay Relief entered on October 31, 2013, was a final order.  "For the purposes of an appeal, an order is final if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'  The bankruptcy court's order denying relief from stay is a final, appealable order." *State Bank of Florence v. Miller (In re Miller)*, 459 B.R. 657, 661 (B.A.P. 6th Cir. 2011) (quoting *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497, 103 L.Ed.2d 879 (1989)).

> The Sixth Circuit, in accord with other circuits addressing the issue, holds that "a bankruptcy court's lifting of an automatic stay is a final order for appeal purposes." *In re Sun Valley Foods Co.*, 801 F.2d 186, 190 (6th Cir.1986) (collecting cases); *accord In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1283 (2d Cir.1990) ("All seem to agree that orders lifting the automatic stay are final because the issue of whether the litigation in question may proceed has been resolved and because an immediate appeal by the trustee or debtor is necessary if there is to be appellate review at all."); *see generally* Harry Perrin & Justin Toth, *Litigating the Motion for Relief from the Automatic Stay*, 4 J. Bankr. L. & Prac. 459, 493 (1995) ("[C]ourts have uniformly held that an order providing relief from the stay is final and appealable."). The Sixth Circuit explains:
>
>> Congress intended the courts to conclusively and expeditiously adjudicate, apart from the bankruptcy proceedings as a whole, complaints for relief from the automatic stay.  Immediate appeal from decisions of the bankruptcy court is plainly necessary to fulfill such congressional intent. We hold, therefore, that decisions of the bankruptcy courts granting or denying relief from the automatic stay are final decisions.
>
> *Id*. (brackets and ellipses omitted) (quoting *In re Kemble*, 776 F.2d 802, 805 (9th Cir.1985)); *see In re Lee*, 467 B.R. 906, 911 (B.A.P. 6th Cir. 2012) ("An order granting relief from the automatic stay is ... a final, appealable order."); *see generally* 9E AM.JUR.2d Bankruptcy § 3785 (2012) (collecting cases).

*Sandweiss Law Center, P.C. v. Kozlowski (In re Bunting)*, 2013 WL 153309, at *16-17, 2013 U.S. Dist. LEXIS 5529, at *43-44 (E.D. Michigan Jan. 15, 2013); *see also Mentag v. GMAC Mortgage, LLC (In re Mentag)*, 430 B.R. 439, (E.D. Mich. 2010) ("An order which grants or denies relief from an automatic stay is a final order.").

3

Because it was a final order, the Debtor or Capital Bank, N.A. could have filed a notice of appeal concerning any aspect of the Order Conditioning Stay Relief within fourteen days after entry. *See* FED. R. BANKR. P. 8001, 8002(a).  When neither filed an appeal on or before November 14, 2013, it became a final, non-appealable order and no longer subject to modification.  Although the Debtor has requested that the court use its equitable powers to extend the deadline imposed by the Order Conditioning Stay Relief, "a bankruptcy court's general and equitable powers must and can only be exercised within the confines of the Bankruptcy Code." *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 382, 127 S. Ct. 1105, 1116, 166 L.Ed.2d 956 (2007) (Alito, J., dissenting) (citations and quotation marks omitted); *see also Mitan v. Duval (In re Mitan)*, 573 F.3d 237, 244 (6th Cir. 2009) ("We have held that section 105(a) grants the Bankruptcy Court equitable power, but have warned that such power is constrained by the provisions of the Bankruptcy Code.") (citations and quotation marks omitted); *In re Rose*, 314 B.R. 663, 681 n.11 (Bankr. E.D. Tenn. 2004) (stating that under Sixth Circuit authority, § 105(a) is not "without limits, may not be used to circumvent the Bankruptcy Code, and does not create a private cause of action unless it is invoked in connection with another section of the Bankruptcy Code.").  There is no authority within the Bankruptcy Code that would allow the court to circumvent the finality of the Order Conditioning Stay Relief in order to allow the court to extend the previously set deadline.  Rule 60 of the Federal Rules of Civil Procedure, made applicable to bankruptcy cases by Rule 9024 of the Federal Rules of Bankruptcy Procedure, has no application to the issue presently before the court.

Because the Order Conditioning Stay Relief was a final order, the Debtor had fourteen days from the date it was entered, i.e., October 31, 2013, to file a notice of appeal pursuant to Rule 8001 of the Federal Rules of Bankruptcy Procedure.  *See* FED. R. BANKR. P. 8002(a).  No such notice of

4

appeal was filed, and the Order Conditioning Stay Relief may not now be modified or challenged.

Accordingly, the Motion to Extend Deadline filed by the Debtor on January 15, 2014, is DENIED.

###