## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## EASTERN DISTRICT OF TENNESSEE

In re

Case No.  13-32471

IVENS PROPERTIES, INC.

Debtor

## MEMORANDUM ON MOTION TO ALTER
## OR AMEND MEMORANDUM AND ORDER

**APPEARANCES:**    QUIST, CONE & FISHER, PLLC
Michael H. Fitzpatrick, Esq.
Ryan E. Jarrard, Esq.
2121 First Tennessee Plaza
800 South Gay Street
Knoxville, Tennessee  37929-9711
Attorneys for Debtor

GENTRY, TIPTON & McLEMORE, P.C.
W. Morris Kizer, Esq.
Post Office Box 1990
Knoxville, Tennessee  37901
Attorneys for Capital Bank, N.A.

SAMUEL K. CROCKER, ESQ.
UNITED STATES TRUSTEE
Kimberly C. Swafford, Esq.
Historic United States Courthouse
31 East 11th Street
Fourth Floor
Chattanooga, Tennessee  37402
Attorneys for United States Trustee

**RICHARD STAIR, JR.**
**UNITED STATES BANKRUPTCY JUDGE**

Before the court is the Debtor Ivens Properties Motion to Alter or Amend Memorandum and

Order on Debtor's Motion to Extend Deadline and Plan Confirmation (Doc. 70) (Motion to Amend

Order) filed by the Debtor on February 6, 2014.  By the Motion to Amend Order, the Debtor asks

the court to amend the Memorandum and Order on Debtor's Motion to Extend Deadline for Plan

Confirmation (Order Denying Extension) entered on January 31, 2014, denying the Debtor's motion

seeking to extend the January 31, 2014 deadline for the Debtor to obtain confirmation of a

Chapter 11 plan fixed by the court in the Memorandum and Order on Motion of Capital Bank, N.A.

for Relief From the Automatic Stay (Order Conditioning Stay Relief) filed on October 31, 2013.[1]

In support of the Motion to Amend Order, the Debtor submitted the Affidavit of Mark Ivens dated

February 5, 2014, and filed a supporting Brief.  As directed by the court, Capital Bank, N.A. filed

the Response of Capital Bank, N.A. to the Debtor's Motion to Alter or Amend the Memorandum and

Order on the Debtor's Motion to Extend Deadline and Plan Confirmation (Response to Motion to

Amend Order) on February 14, 2014, attaching an email exchange with the previous counsel for the

Debtor.  The material facts, which were set forth in detail in the Order Denying Extension, will not

be restated.

The Motion to Amend Order was filed pursuant to Rule 9024 of the Federal Rules of

Bankruptcy Procedure, through which Rule 60 of the Federal Rules of Civil Procedure is made

applicable in bankruptcy cases.  Under Rule 60(b), "[o]n motion and just terms, the court may relieve

a party or its legal representative from a final judgment, order, or proceeding for . . . (1) mistake,

---

[1] In fact, it is relief from the October 31, 2013 Order Conditioning Stay Relief that must be obtained if the Debtor is to receive the result it seeks.  Relief from the January 31, 2014 Order Denying Extension will not, by itself, affect the finality of the October 31, 2013 Order Conditioning Stay Relief.  The court, accordingly, deems the Motion to Amend Order to seek relief under Rule 60(b) as to both the Order Conditioning Stay Relief and the Order Denying Extension.

inadvertence, surprise, or excusable neglect . . . or (6) any other reason that justifies relief." FED. R.

CIV. P. 60(b).[2] Because courts should not "disturb the finality of a judgment without good reason[,]"

*Brown v. Timmerman-Cooper*, 2013 WL 3776585, at *2, 2013 U.S. Dist. LEXIS 99785, at *5 (S.D.

Ohio July 17, 2013) (citation omitted), the party seeking relief under Rule 60(b) "bears the burden

of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v.

Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008); *see also McCurry ex rel. v. Adventist Health

Sys./Sunbelt, Inc.*, 298 F.3d 586, 592 (6th Cir. 2002) ("The party seeking to invoke the Rule bears

the burden of establishing that its prerequisites are satisfied."). Additionally, all Rule 60(b) motions

must be filed "within a reasonable time – and for reason[] (1), . . . no more than a year after the entry

of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1).

Rule 60(b)(1) is "intended to provide relief to a party in only two instances: (1) when the

party has made an excusable litigation mistake or an attorney in the litigation has acted without

authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment

or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002) (citation omitted).

> In determining whether relief is appropriate under Rule 60(b)(1), courts consider
> three factors: (1) culpability – that is, whether the neglect was excusable; (2) any
> prejudice to the opposing party; and (3) whether the party holds a meritorious
> underlying claim or defense. A party seeking relief must first demonstrate a lack of
> culpability before the court examines the remaining two factors.

*Yeschick v. Mineta*, 675 F.3d 622, 628-29 (6th Cir. 2012) (citations and quotation marks omitted).

"A party's conduct is culpable if it displays either an intent to thwart judicial proceedings or a

---

[2] Although the Motion to Amend Order seeks relief only as to the January 31, 2014 Order Denying Extension under Rule 60(b)(1), both the Affidavit of Mark Ivens and the Debtor's brief address relief from the October 31, 2013 Order Conditioning Stay Relief. That relief can be obtained only under Rule 60(b)(6). The court will, therefore, deem the Motion to Amend Order to be filed under Rule 60(b)(1) as to the Order Denying Extension and under Rule 60(b)(6) as to the Order Conditioning Stay Relief.

reckless disregard for the effect of its conduct on those proceedings." *Williams v. Meyer*, 346 F.3d 607, 613 (6th Cir. 2003) (citation and quotation marks omitted).  Accordingly, the inquiry is essentially "an equitable one, taking account of all relevant circumstances surrounding the party's omission [including] . . . the danger of prejudice to the debtor, the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs., Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498, 123 L.3d.2d 74 (1993); *see also Wheeler v. Fed. Nat'l Mortg. Ass'n*, 2013 WL 3456966, at *1, 2013 U.S. Dist. LEXIS 95219, at *3 (E.D. Mich. July 9, 2013) ("For Rule 60(b) purposes, 'excusable neglect' includes 'situations in which the failure to comply with a filing deadline is attributable to negligence.'") (quoting *Yeschick*, 675 F.3d at 629) (citations omitted).

Nevertheless, "a determination of 'excusable neglect' does not turn solely on whether the *client* has done all that he reasonably could do to ensure compliance with a deadline; the performance of the client's *attorney* must also be taken into account." *Allen v. Murph*, 194 F.3d 722, 724 (6th Cir. 1999); *see also United States v. Munoz*, 605 F.3d 359, 368 (6th Cir. 2010) ("'[C]lients must be held accountable for the acts and omissions of their attorneys,' who are, after all, those clients' 'freely selected agent[s].'") (quoting *Pioneer Inv. Servs.*, 507 U.S. at 396, 113 S. Ct. at 1499).  "Rule 60 was not intended to relieve counsel of the consequences of decisions deliberately made, although subsequent events reveal that such decisions were unwise." *FHC Equities, LLC v. MBL Life Assur. Corp.*, 188 F.3d 678, 687 (6th Cir. 1999) (citations omitted).  Thus, "the proper focus is upon whether the neglect of [the Debtor] *and [its] counsel* was excusable[,]" *Pioneer*, 507

4

U.S. at 397, 113 S. Ct. at 1499, and "an attorney's inaction or strategic error based upon a misreading of the applicable law cannot be deemed 'excusable' neglect, even though it might well be excusable for the client to rely on the advice of counsel." *McCurry*, 298 F.3d at 595.

Rule 60(b)(6) applies "in exceptional or extraordinary circumstances which are not addressed in the first five numbered clauses of the Rule" since "almost every conceivable ground for relief is covered under the other subsections of Rule 60(b)." *In re Reiman*, 431 B.R. 901, 910 (Bankr. E.D. Mich. 2010) (quoting *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989) and *Rogan v. Countrywide Home Loans, Inc. (In re Brown)*, 413 B.R. 700, 705 (B.A.P. 6th Cir. 2009)); *see also Fuller v. Quire*, 916 F.2d 358, 361 (6th Cir. 1990) ("Rule 60(b)(6) is broadly drafted to give the trial judge discretion, without reference to the one-year limitation imposed elsewhere, to grant relief from judgment in unusual situations."). "Consequently, courts must apply Rule 60(b)(6) relief only in 'unusual and extreme situations where principles of equity *mandate* relief.'" *Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)). However, because the subsections of Rule 60(b) are "mutually exclusive," *Pioneer*, 507 U.S. at 393, 113 S. Ct. at 1497, subsection (6) "can be used only as a residual clause in cases which are not covered under the first five subsections of Rule 60(b)." *Pierce v. United Mine Workers of Am. Welfare & Ret. Fund for 1950 and 1974*, 770 F.2d 449, 451 (6th Cir. 1985); *see also Olle*, 910 F.2d at 365 (holding that courts "must apply subsection (b)(6) only 'as a means to achieve substantial justice when "something more" than one of the grounds contained in Rule 60(b)'s first five clauses is present.'") (quoting *Hopper*, 867 F.2d at 294).

5

Rule 60(b)(6) "does not particularize the factors that justify relief, but . . . provides courts with authority adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice, while also cautioning that it should only be applied in extraordinary circumstances." *Olle*, 910 F.2d at 366 (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64, 108 S. Ct. 2194, 2204, 100 L.Ed.2d 855 (1988) (citations, internal quotation marks, and footnote omitted)). Additionally, courts within the Sixth Circuit have noted that an attorney's behavior or failure to properly represent his or her client can form the basis for relief under Rule 60(b)(6). *See, e.g., Doyle v. Mut. of Omaha Ins. Co.*, 504 Fed. Appx. 380, 383 (6th Cir. 2012) ("In rare cases, we have found a lawyer's failures sufficiently egregious to warrant relief under Rule 60(b)(6)."); *Fuller*, 916 F.2d at 361 ("The trial judge properly granted relief from the judgment in order to avoid penalizing plaintiff, who displayed reasonable diligence in attempting to discover the status of his case, for the inexcusable misconduct of his attorney."); *Henry v. Abbott Labs.*, 2014 WL 29509, at *3, 2014 U.S. Dist. LEXIS 390, at *8 (S.D. Ohio Jan. 3, 2014) (granting relief to a client who "did all that she could reasonably be expected to do but was allegedly misled by her attorney into believing he was looking out for her interests"); *Platinum Rehab., Ltd. v. Platinum Home Health Care Servs., LLC*, 2012 WL 4461502, at *3, 2012 U.S. Dist. LEXIS 136718 at *9 (N.D. Ohio Sept. 25, 2012) ("[C]ourts in the Sixth Circuit have held that Rule 60(b)(6) may provide relief from judgment in instances of counsel's gross neglect and abandonment."). Although those cases involved gross negligence or misconduct by attorneys, neither of which is present here, the court finds that the circumstances of this case reflect that the Debtor was, through no fault of its own, left without the benefit of counsel during a pivotal time of its bankruptcy case and relief under Rule 60(b)(6) is warranted.

As stated in the Affidavit of Mark Ivens, the attorney initially retained to represent the

Debtor, Keith Edmiston, encountered unexpected medical problems. IVENS AFF. at ¶¶ 2-4. At first,

Mr. Ivens was informed by members of Mr. Edmiston's firm, as was the court on a number of

occasions, that Mr. Edmiston would be returning to his practice in late October, but was later

informed, in early December 2013, that Mr. Edmiston would not be returning to his law practice in

the near future.[3] IVENS AFF. at ¶¶ 4, 8. In the interim, Capital Bank, N.A. had filed the Motion of

Capital Bank, N.A. for Relief From the Automatic Stay (Motion for Stay Relief) on October 3, 2013,

asking the court for stay relief under 11 U.S.C. § 362(d)(3) (2006);[4] however, Mr. Ivens was not

---

[3] The court takes judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, that Mr. Edmiston was placed on disability inactive status by Order of the Tennessee Supreme Court entered on December 2, 2013, and is, at this time, not engaged in the practice of law. The court was advised from time to time beginning in September 2013, in open court, that Mr. Edmiston would initially return to his office in late October 2013, and then in late November 2013.

[4] Section 362(d), applying exclusively to single-asset real estate, provides that:

(3) with respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief (or such later date as the court may determine for cause by order entered within that 90-day period) or 30 days after the court determines that the debtor is subject to this paragraph, whichever is later –

(A) the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or

(B) the debtor has commenced monthly payments that –

(i) may, in the debtor's sole discretion, notwithstanding section 362(c)(2), be made from rents or other income generated before, on, or after the date of the commencement of the case by or from the property to each creditor whose claim is secured by such real estate (other than a claim secured by a judgment lien or by an unmatured statutory lien); and

(ii) are in an amount equal to interest at the then applicable nondefault contract rate of interest on the value of the creditor's interest in the real estate[.]

11 U.S.C. § 362(d)(3). Because the statute itself imposes a deadline, the court was without the discretion to withhold ruling on Capital Bank, N.A.'s Motion for Stay Relief, although, as thoroughly discussed in the October 31, 2013 Order Conditioning Stay Relief, it was within the court's discretion to condition the stay rather than terminate it. *See, e.g.*, *In*

(continued...)

contacted by Mr. Edmiston or anyone with his firm concerning filing a response to the Motion for

Stay Relief, and Mr. Ivens did not attend the hearing on the Motion for Stay Relief held on

October 31, 2013, although his personal attorney, Steve Merritt, was present for the hearing. IVENS

AFF. at ¶¶ 5-6. Following the hearing, the court entered its Order Conditioning Stay Relief, stating

therein that

> Under the special circumstances associated with this case, including apparent
> substantial equity in the disputed property, the court finds that the proper relief to be
> granted Capital Bank, N.A. is a conditioning of the automatic stay, as authorized by
> the express wording of § 362(d)(3).  Accordingly, as stated in open court, the
> automatic stay shall remain in effect but is conditioned upon the Debtor proposing
> and obtaining confirmation of a Chapter 11 plan within ninety days.  In the event that
> a confirmation order has not entered on or before January 31, 2014, the stay shall be
> terminated without further action by Capital Bank, N.A. or further order of the court.

ORDER CONDITIONING STAY RELIEF at 5.  The Debtor, however, was not notified by Mr. Edmiston's

office of this requirement and was not informed of the Debtor's rights to appeal the Order.  IVENS

AFF. at ¶ 7.

Although attorney Steve Merritt appeared at the hearing on October 31, 2013 and was present

for the entirety of the Chapter 11 case and again at the hearing on the Motion for Stay Relief that

commencement of the Chapter 11 case and again at the hearing on the Motion for Stay Relief that

because he represented Mr. Ivens personally, he could not also appear in Mr. Edmiston's absence

to represent the Debtor.  Accordingly, the Debtor was, in actuality, unrepresented at the hearing on

October 31, 2013, and, while copies of the Motion for Stay Relief and the Order Conditioning Stay

---

[4](...continued)
*re Trigee Found., Inc.*, 2013 WL 1401889, at *3, 2013 Bankr. LEXIS 1432, at *10 (Bankr. D.D.C. Apr. 8, 2013);
*Condor One v. Archway Apartments, Ltd. (In re Archway Apartments, Ltd.)*, 206 B.R. 463, 465 (Bankr. M.D. Tenn.
1997).  At the time the Order Conditioning Stay Relief was entered, the court, the United States Trustee, Capital Bank,
N.A., and the Debtor expected Mr. Edmiston's return.

Relief were, as pointed out by Capital Bank, N.A. in its Response to Motion to Amend Order, mailed to the Debtor's president, Mr. Ivens, and its former attorney, because of the medical issues that its counsel was having and the fact that a corporation may not represent itself through an officer, the Debtor itself was not being represented during this time period.  Thereafter, upon learning in early December 2013, that its prior counsel would not be returning to practice at the time initially believed, the Debtor immediately took steps to try and protect its interests.  Pursuant to an Agreed Order Authorizing Debtor Substitution of Counsel entered on December 12, 2013, the Debtor  retained its current counsel who, during the final week of December 2013, informed Mr. Ivens of the Order Conditioning Stay Relief and its requirements.  IVENS AFF. at ¶ 9.  Just over one month later, on January 15, 2014, the Debtor filed Ivens Properties, Inc. Disclosure Statement Dated 1/15/2014 and Ivens Properties, Inc. Plan of Reorganization Dated December 20, 2013, which was set for hearing on January 30, 2014, pursuant to the court's Order for Hearing on Adequacy of Disclosure Statement Combined With Notice Thereof entered on January 16, 2014.[5]  The Debtor also filed, on January 15, 2014, Ivens Properties, Inc. Motion to Extend Deadline for Plan Confirmation Set in the Order Entered 10/31/13 (Doc. #29), asking the court to extend the deadline for plan confirmation imposed by the Order Conditioning Stay Relief, which the Order Denying Extension resolved.  The court has no difficulty in finding that the failure of the Debtor's counsel to achieve the January 31, 2014 confirmation deadline imposed by the Order Conditioning Stay Relief entered on October 31, 2013, was not the result of neglect or inaction by the Debtor's newly retained counsel but was the result

---

[5] As discussed *infra*, the January 30, 2014 hearing was adjourned to February 27, 2014, to allow the Debtor an opportunity to amend the disclosure statement to meet objections filed by the United States Trustee and Capital Bank, N.A.

9

of a series of unfortunate events of which neither the Debtor nor his current counsel was responsible for or had any control over.

Additionally, the court finds that granting the Debtor's Motion to Amend Order to amend the October 31, 2013 Order Conditioning Stay Relief, extending the automatic stay, and allowing the Debtor to proceed with its attempts to confirm a Chapter 11 plan does not prejudice Capital Bank, N.A. As reflected in the Monthly Operating Report for the Month Ending: December 2013 filed by the Debtor on January 27, 2014, the real property securing Capital Bank, N.A.'s claim in the amount of $968,461.06 as of October 3, 2013, has a value of $2,050,000.00, which would provide Capital Bank, N.A. with a substantial equity cushion. Although Capital Bank, N.A. argues in its Response to Motion to Amend Order that this value is based upon two outdated appraisals and has "no probative value," Capital Bank, N.A. has offered nothing to rebut this value other than its argument. Similarly, the court agrees with the Debtor that requiring creditors to proceed with the plan approval process established by the Bankruptcy Code is not prejudicial to Capital Bank, N.A. Instead, by continuing with the confirmation process, the claims of all creditors will be more fairly addressed and provided for. Furthermore, the court notes that the Debtor, on February 9, 2014, filed Ivens Properties, Inc. Plan of Reorganization Dated January 15, 2014 and Ivens Properties, Inc. Disclosure Statement Dated 2/9/2014, which resolved the objections made by the United States Trustee to Ivens Properties, Inc. Disclosure Statement Dated 1/15/2014. While the Debtor's modified disclosure statement has not resolved objections of Capital Bank, N.A., as reflected in the Objection of Capital Bank, N.A. to the Adequacy of the Debtor's Amended Disclosure Statement, the court agrees that the confirmation process set forth in the Bankruptcy Code for determining whether the Debtor has

10

proposed a confirmable plan is a preferable method by which to proceed, especially under the circumstances of this case, and will better serve not only the Debtor but all parties in interest, including Capital Bank, N.A.

Because the medical situation involving the Debtor's prior counsel was not of the Debtor's making, and upon discovering that its counsel would not be able to represent it, the Debtor did not delay in obtaining new representation and attempting to comply with the deadlines imposed by the Order Conditioning Stay Relief, the court finds that the Debtor's failure to comply with the deadline imposed by the Order Conditioning Stay Relief is precisely the sort of situation that Rule 60(b)(6) was enacted to remedy. Additionally, with respect to the January 31, 2014 Order Denying Extension, although the court finds that, for the purposes of Rule 60(b)(1), the Debtor was not culpable and the Order would be subject to amendment under that subsection, because the Order Conditioning Stay Relief will be amended, the Order Denying Extension is rendered moot and will be vacated.

In summary, the court will grant the Motion to Alter or Amend as follows:

1. The Order Conditioning Stay Relief will be amended and superceded by an Amended Memorandum and Order which will differ only to the extent that the automatic stay will remain in effect conditioned upon the Debtor proposing and obtaining confirmation of a Chapter 11 plan by April 15, 2014, unless the court, for cause, extends the stay further. To that end, a status conference will be scheduled for April 10, 2014, to determine whether a further extension is appropriate under the circumstances existing at that time.

11

2.  The Order Denying Extension will be vacated, and the Ivens Properties, Inc. Motion to

Extend Deadline for Plan Confirmation Set in the Order Entered 10/31/13 (Doc. #29) will be denied

as moot.

Orders consistent with this Memorandum will be entered.

FILED:  February 20, 2014

BY THE COURT

*/s/  RICHARD STAIR, JR.*

RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE