# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# EASTERN DISTRICT OF TENNESSEE

In re

Case No. 13-32471

IVENS PROPERTIES, INC.

        Debtor

## MEMORANDUM ON APPLICATION
## FOR COMPENSATION AND EXPENSES
## FILED BY DEBTOR'S ATTORNEYS

**APPEARANCES:**    QUIST, CONE & FISHER, PLLC
        Michael H. Fitzpatrick, Esq.
        2121 First Tennessee Plaza
        800 South Gay Street
        Knoxville, Tennessee 37929-9711
        Attorneys for Debtor

    SAMUEL K. CROCKER, ESQ.
    UNITED STATES TRUSTEE
        Kimberly C. Swafford, Esq.
        Historic U.S. Courthouse
        31 East 11th Street
        Chattanooga, Tennessee 37402
        Attorneys for United States Trustee

**RICHARD STAIR, JR.**
**UNITED STATES BANKRUPTCY JUDGE**

Before the court is the application entitled "Michael H. Fitzpatrick and the Firm of Quist, Cone & Fisher, PLLC Attorneys for the Debtor Application for Allowance of First Interim and Final Pre-Confirmation Compensation and Reimbursement of Expenses" (Application for Compensation) filed by Michael H. Fitzpatrick and the firm of Quist, Cone & Fisher, PLLC (collectively, Debtor's Attorneys) on May 22, 2014, requesting interim and final pre-confirmation compensation for services rendered the Debtor in the amount of $43,485.00 and reimbursement of expenses in the amount of $2,811.94. Pursuant to the passive notice legend accompanying the Application for Compensation, a hearing was held on June 12, 2014, attended solely by the United States Trustee who supported and recommended allowance of the requested compensation and expenses. No objections to the Application for Compensation were filed prior to the hearing.

The court, having reviewed the Application for Compensation, finds the requested compensation and expenses to be reasonable and necessary and to otherwise meet the standards prescribed by 11 U.S.C. § 330(a) (2006). However, the Debtor's Attorneys did not, as required by 11 U.S.C. § 329(a) (2006) and Rule 2016(b) of the Federal Rules of Bankruptcy Procedure, file the statutorily required compensation disclosure statement. Of equal significance is the Agreed Order Authorizing Debtor Substitution of [Counsel] entered on December 12, 2013, authorizing employment of the Debtor's Attorneys, which expressly directed that "[c]ounsel shall file its Rule 2016(b) Statement within seven days of the entry of this order."[1] Therefore, not only did the Debtor's Attorneys fail to comply with the statutory requirements of § 329(a) and Rule 2016(b), they also failed to comply with a direct order of the bankruptcy court. When asked about his failure to

---

[1] The Agreed Order Authorizing Debtor Substitution of [Counsel] was prepared and submitted by the Debtor's Attorneys.

2

file the compensation disclosure statement at the June 12, 2014 hearing, Mr. Fitzpatrick was caught unawares, evidencing his recollection that the statement had been filed. The court asked Mr. Fitzpatrick to review the electronic case file to satisfy himself that the compensation disclosure statement had not been filed and to submit an affidavit explaining the circumstances leading to the noncompliance. Later the same day, the Debtor's Attorneys filed the Affidavit of Michael H. Fitzpatrick Regarding Rule 2016(a) [sic] Statement (Affidavit) reciting, generally, the circumstances under which his firm was employed and stating that certain of the required disclosures were set forth in the Ivens Properties, Inc. Motion to Substitute Counsel filed on December 11, 2013,[2] whereby the Debtor sought to employ Mr. Fitzpatrick and his firm. The Affidavit also contains the following statement:

> 6. I personally prepared a Rule 2016(a) [sic] statement on December 10, 2013 for entry in this matter. A copy is attached. It was required to be filed within seven (7) days after entry of the retention order (docket #36). It was my responsibility to do so. Through inadvertence, it was not.

Appended to the Affidavit is the Disclosure of Compensation of Attorney for the Debtor (Compensation Disclosure Statement) dated December 10, 2013, signed by Mr. Fitzpatrick setting

---

[2] Clearly, the Ivens Properties, Inc. Motion to Substitute Counsel and supporting Affidavit of Professional Person filed by the Debtor on December 11, 2013, seeking the order authorizing it to employ Mr. Fitzpatrick and Quist, Cone & Fisher, PLLC contains certain of the disclosures required by § 329(a). However, the Affidavit of Professional Person was filed in order to obtain employment under § 327(a) (2006) and pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure which requires that "[t]he application [for an order of employment] shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee." Conversely, the filing of the compensation disclosure statement mandated by § 329(a) is governed by Rule 2016(b) of the Federal Rules of Bankruptcy Procedure. The two are not the same or interchangeable since both are required, and, as evidenced by paragraph 6 of the Affidavit quoted above, it was not the intention of the Debtor's Attorneys that the Ivens Properties, Inc. Motion to Substitute Counsel filed on December 11, 2013, also serve as the compensation disclosure statement.

forth the disclosures required by Rule 2016(b) relating to his and his firm's employment by the Debtor.[3]

The issue before the court is whether the failure of the Debtor's Attorneys to file the statutorily mandated compensation disclosure statement and their failure to comply with the December 12, 2013 Agreed Order Authorizing Debtor Substitution of [Counsel] directing the filing of the compensation disclosure statement within seven days impacts their entitlement to the requested compensation and expenses.

Attorneys are required to file "a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation." 11 U.S.C. § 329(a). In implementing § 329(a), Rule 2016(b) of the Federal Rules of Bankruptcy Procedure requires this statement to be filed "within 14 days after the order for relief, or at another time as the court may direct[,]" FED. R. BANKR. P. 2016(b). Here, the court directed that the statement be filed by December 19, 2013. Rule 2017(b) provides that "the court . . . may determine whether any payment of money . . ., or any agreement therefor, by the debtor to an attorney after entry of an order for relief in a case under the Code is excessive." FED. R. BANKR. P. 2017(b).

---

[3] The Compensation Disclosure Statement was prepared prior to Mr. Fitzpatrick's employment as is evidenced not only by the December 10, 2013 date appearing on its face, but also by the Description of Services appended to the Application for Compensation which establishes that the Debtor's Attorneys billed .25 hours on December 10, 2013, to "[p]repare Rule 2016(b) statement."

4

"Section 329 and Rule 2016 are fundamentally rooted in the fiduciary relationship between attorneys and the courts. Thus, the fulfillment of the duties imposed under these provisions are crucial to the administration and disposition of proceedings before the bankruptcy courts." *Mapother & Mapother, P.S.C. v. Cooper (In re Downs)*, 103 F.3d 472, 480 (6th Cir. 1996); *see also In re Waldo*, 417 B.R. 854, 893 (Bankr. E.D. Tenn. 2009) ("[T]he disclosure of fees under § 329 and the Bankruptcy Rules 'is mandatory, not permissive.'") (citation omitted). Section 329(a) includes both pre-petition and post-petition agreements and payments, which "must be disclosed if they [have] not previously been fully and completely disclosed." *Walton v. Whitcomb (In re Whitcomb)*, 479 B.R. 133, 142 (Bankr. M.D. Fla. 2012); *see also Rittenhouse v. Eisen*, 404 F.3d 395, 397 (6th Cir. 2005) (holding that § 329(a) applies to both pre-petition and post-petition attorneys' fees). Because a bankruptcy attorney "has an affirmative duty to disclose fully and completely all fee arrangements and payments[,]" *Henderson v. Kisseberth (In re Kisseberth)*, 273 F.3d 714, 720 (6th Cir. 2001), failure to comply with these requirements results in sanctions. *See Waldo*, 417 B.R. at 893 ("The failure to comply with the disclosure rules is a sanctionable violation, even if proper disclosure would have shown that the attorney had not actually violated any Bankruptcy Code provision or any Bankruptcy Rules, and sanctions may also be imposed for negligent or inadvertent failures to disclose.") (citations and brackets omitted).

"The provisions of the Bankruptcy Code and the Bankruptcy Rules that regulate attorney fees are designed to protect both creditors and the debtor against overreaching attorneys. To ensure such protection, bankruptcy courts have broad and inherent authority to deny any and all compensation where an attorney fails to satisfy the requirements of the Code and rules." *Kisseberth*, 273 F.3d at

721. There is discretion, however, concerning whether full disgorgement is required. Depending upon whether the court finds that a failure to make the disclosure is willful, "the bankruptcy court has the latitude to tailor a sanction that is appropriate under the unique circumstances presented[.]" *Vergos v. Mendes & Gonzales PLLC (In re McCrary & Dunlap Constr. Co., LLC)*, 79 Fed. Appx. 770, 786 (6th Cir. 2013). The Sixth Circuit has utilized the following principles when determining sanctions for failing to comply with § 329 and Rule 2016's disclosure requirements:

> (1) the court has a "great deal of latitude in fashioning an appropriate sanction[;]"
>
> (2) the court must exercise restraint and discretion when meting out a sanction, and the sanction must "be commensurate with the egregiousness of the conduct[;]"
>
> (3) a "technical breach" does not justify denial of all fees; however, an attorney's "willful disregard of his fiduciary obligations to fully disclose the nature and circumstances of his fee arrangement" calls for denial of all fees.

*See In re Metro. Envtl., Inc.*, 293 B.R. 871, 889 (Bankr. N.D. Ohio 2003) (quoting *Downs*, 103 F.3d at 478-79).

The court does not find it necessary to recount the legal services rendered by the Debtor's Attorneys in support of the amount of compensation and expenses requested. While employment was undertaken under less than desirable circumstances, the requested compensation is well supported by the quality of the services rendered and by the outcome of several highly contested matters, not the least of which was a trial on confirmation of the Debtor's plan of reorganization. Clearly, the Debtor was well represented.

The Debtor filed the Voluntary Petition commencing its case under Chapter 11 on July 3, 2013, through Attorney Keith L. Edmiston. Mr. Edmiston's employment was authorized pursuant

to the Order Granting Application to Employ Legal Professionals *Nunc Pro Tunc* to July 16, 2013 entered on August 12, 2013. However, soon after his employment, Mr. Edmiston became ill under circumstances initially indicating he would return by the end of October 2013. Thereafter, his absence extended into November 2013, and finally, on December 2, 2013, it became apparent that he would not soon be able to return to private practice when the Tennessee Supreme Court issued its Order Transferring Attorney to Disability Inactive Status transferring Mr. Edmiston to disability inactive status. The Debtor was, therefore, without counsel when Mr. Fitzpatrick and his firm agreed to accept employment. Employment by the Debtor's Attorneys was undertaken in the face of contentious litigation with the Debtor's major secured creditor, Capital Bank, N.A., over a variety of issues including stay relief, the Debtor's status as a single asset real estate, objections to the adequacy of its disclosure statement, and objections to confirmation. Ultimately, after an evidentiary hearing, the court overruled the objections of Capital Bank, N.A. to confirmation of the Debtor's plan and directed that the Amended Plan of Reorganization Dated March 18, 2014 filed by the Debtor on March 19, 2014, subject to certain amendments, would be confirmed by separate order. The Debtor's Attorneys, on May 12, 2014, filed Ivens Properties, Inc. Amended and Modified Plan of Reorganization Dated March 18, 2014 Modified May 12, 2014. With a clarifying edit, the Order Confirming Plan was entered on May 12, 2014, and the Debtor has operated under its confirmed plan of reorganization since that date.

The Debtor's Attorneys are experienced Chapter 11 practitioners and know full well the importance and significance of the compensation disclosure requirements of § 329(a) and Rule 2016(b). The court does not find "inadvertence" a sufficient excuse for ignoring not only the

7

mandatory provisions of the Bankruptcy Code and Rules, but for also ignoring the December 12, 2013 Agreed Order Authorizing Debtor Substitution of [Counsel] directing the filing of the "Rule 2016(b) Statement within seven days." In summary, the imposition of sanctions is appropriate. Notwithstanding that the services performed by the Debtor's Attorneys were reasonable and necessary, and the expenses were actual and necessary, the court will allow 90% of the requested $43,485.00 compensation, i.e., $39,136.50, together with the entirety of the requested expenses, $2,811.94. The court will also direct that the December 10, 2013 Compensation Disclosure Statement appended to the Affidavit be filed as a standalone document.

An Order consistent with this Memorandum will be entered.

FILED: June 18, 2014

                                BY THE COURT

                                */s/  RICHARD STAIR, JR.*

                                RICHARD STAIR, JR.
                                UNITED STATES BANKRUPTCY JUDGE